UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CLEVELAND O. CRUTHRIDS,          )
                                 )
                Petitioner,      )
                                 )
        v.                       )          1:20-cv-00249-GZS
                                 )
                                 )
STATE OF MAINE,                  )
                                 )
                Respondent       )

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Petitioner seeks relief pursuant to 28 U.S.C. § 2254.  (Petition, ECF No. 1.)  The State contends the petition was not filed timely in accordance with 28 U.S.C. § 2244(d), and thus asks the Court to dismiss the petition.  (Response, ECF No. 3.)

After a review of the petition, the State's request for dismissal, and the record, I recommend the Court grant the State's request and dismiss the petition.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In February 2012, Petitioner was indicted on one count of aggravated attempted murder, one count of attempted murder, one count of elevated aggravated assault, one count of aggravated assault, one count of burglary, and one count of violating condition of release.  (*State v. Cruthrids*, No. AUBSC-CR-2011-001319 (Me Super. Ct., Androscoggin Cty.)).

On August 20, 2013, after a trial, a jury found Petitioner guilty of elevated aggravated assault, burglary, and violating a condition of release; the jury found him not

guilty of attempted murder and aggravated attempted murder; the assault counts were dismissed.  On August 30, 2013, the state court sentenced Petitioner to 28 years in prison, with all but 22 years suspended, to be followed by a 4-year period of probation on the elevated aggravated assault count; a 5-year concurrent prison term on the burglary count; and a 6-month concurrent prison term on the violation of condition of release count.

On September 3, 2013, Petitioner filed a notice of appeal to the Maine Supreme Judicial Court, sitting as the Law Court.  On June 26, 2014, the Law Court affirmed Petitioner's conviction. *State v. Cruthrids*, 2014 ME 86.  Petitioner did not file a petition for certiorari with the United States Supreme Court.

On May 22, 2015, Petitioner filed a state petition for post-conviction review. (*Cruthrids v. State of Maine*, ANDCD-CR-2015-00618 (Me Super. Ct., Androscoggin Cty.)).  On April 8, 2019, the state post-conviction court denied the petition.

On April 29, 2019, Petitioner filed a notice of discretionary appeal to the Maine Law Court from the order denying the petition.  (*Cruthrids v. State of Maine*, No. AND-19-164 (Me. Law Ct.)).  On June 27, 2019, Petitioner filed a request for a certificate of probable cause.  On July 16, 2019, the Law Court denied Petitioner's request.

On July 15, 2020, Petitioner filed the § 2254 petition.

## DISCUSSION

Pursuant to 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state court may apply to a federal district court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

States."  Title 28 U.S.C. § 2244(d), which governs the time within which a petitioner must assert a claim under section 2254, provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from such filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because Petitioner has not established a government impediment to filing, *id.* § 2244(d)(1)(B), a newly recognized retroactively applicable right, *id.* § 2244(d)(1)(C), or a new factual predicate, *id.* § 2244(d)(1)(D), Petitioner's one-year limitation period for filing the section 2254 petition started when the judgment became final.  *See id.* § 2244(d)(1)(A). A conviction is final when the "availability of direct appeal to the state courts and to [the United States Supreme Court] has been exhausted."  *Jiminez v. Quarterman*, 555 U.S. 113,

119 (2009) (citations and quotation marks omitted).  After the Law Court affirmed the judgment of conviction on June 26, 2014, Petitioner had 90 days to petition the United States Supreme Court for a writ of certiorari.  Petitioner did not seek a writ of certiorari and, therefore, the judgment of conviction and sentence became final on September 25, 2014 (i.e., after the expiration of the 90-day period to petition for a writ of certiorari).

The limitations period is tolled while a post-conviction review or other collateral review is pending.  28 U.S.C. § 2244(d)(2).  "[A]n application for state post-conviction relief is pending from the time it is first filed until the time it is finally disposed of and further appellate review is unavailable under the particular state's procedures."  *Drew v. MacEachern*, 620 F.3d 16, 21 (1st Cir. 2010) (alterations and quotation marks omitted). The time during which an application is pending includes "the interval between a lower court's entry of judgment and the filing of an appeal with a higher state court."  *Id.* at 20. The limitation period "restarts when [the] state court completes postconviction review." *Holland v. Florida*, 560 U.S. 631, 638 (2010).

The 365-day limitation period under 28 U.S.C. § 2244(d)(1)(A) started on September 25, 2014, after the expiration of the 90-day period to petition the United States Supreme Court for a writ of certiorari. The limitation period stopped and was tolled as of May 22, 2015, when Petitioner filed his post-conviction petition in state court. At that point, 239 days of the limitation period had expired. The limitation period began to run again on July 16, 2019, when the Law Court denied Petitioner's request for a certificate of probable cause.  The one-year limitation period expired on November 19, 2019 (i.e., 126

days - 365 minus 239 - from July 16, 2019), approximately eight months before Petitioner filed his § 2254 petition.

Petitioner contends that the Court should deem the limitation period to have been equitably tolled from September 25, 2014, the date his conviction became final, through May 22, 2015, the date he filed his state court petition for post-conviction relief, because he "did not have access to legal paperwork or means to file the state petition any sooner." (Reply at 3.) Petitioner also argues the Court should toll the limitation period from July 16, 2019, the date the Law Court denied Petitioner's appeal in the state court post-conviction proceeding, and July 15, 2020, when the § 2254 petition was filed, because his counsel misinformed him of the deadline to file a § 2254 petition. (Reply at 6.)

"[T]he AEDPA statute of limitations defense is not jurisdictional" and "is subject to equitable tolling in appropriate cases." *Holland*, 560 U.S. at 645 (internal quotations omitted). "To obtain tolling . . . a petitioner bears a substantial burden to establish . . . that he exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances." *Dominguez v. Duval*, 527 F. App'x 38, 40 (1st Cir. 2013); *see also Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007) (discussing illustrative cases). "The diligence prong covers those affairs within the petitioner's control, while the extraordinary-circumstances prong covers matters outside his control." *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019).

Petitioner has not established a basis for equitable tolling. First, Petitioner's argument that the time between the Law Court's denial of Petitioner's request for a certificate of probable cause on July 16, 2019, and the filing of the petition on July 15,

2020, should be tolled because his counsel erroneously informed him that the limitation period expired one year from July 16, 2019, is not supported by the governing law. The First Circuit has determined that a mistake by counsel in reading the statute or computing the time for filing a petition for relief under § 2254 does not constitute the extraordinary circumstances necessary for equitable tolling. *David v. Hall*, 318 F.3d 343, 346 (1st Cir. 2003). Petitioner, however, argues that in *Holland*, which was decided after *David*, the Supreme Court recognized that equitable tolling might apply if the late filing of a habeas petition is due to attorney error. (Reply at 8 n.2.)

In *Holland*, the Supreme Court wrote:

> We have previously held that "a garden variety claim of excusable neglect," *Irwin* [*v. Department of Veterans Affairs*,] 498 U.S. 89, 96, 111 S.Ct. 453, such as a simple "miscalculation" that leads a lawyer to miss a filing deadline, *Lawrence* [*v. Florida*,] 549 U.S. 327, 336, 127 S.Ct. 1079, does not warrant equitable tolling. But the case before us does not involve, and we are not considering, a "garden variety claim" of attorney negligence.

*Holland*, 560 U.S. at 651-52. Petitioner's assertion – that counsel misinformed him of the filing deadline – is reasonably viewed as "a garden variety claim" of attorney negligence and does not compare to the attorney conduct in *Holland*.

In addition, Petitioner's contention that he was unable to file the state court petition prior to May 22, 2015, is unsupported by the record. Petitioner contends that because he was in segregation between January 2014 and May 22, 2015, the date he filed his request for post-conviction relief in state court, the limitation period from the time his conviction became final and May 22 should be tolled. Contrary to Petitioner's assertion, Petitioner was not in segregated or restricted housing from January 2014 to May 22, 2015. (Affidavit

of Ben Beal ¶ 4, ECF No. 12-1.)  Rather, following the date his conviction became final on September 25, 2014, he was in the general population from October 24, 2014, through July 9, 2015. (*Id.* ¶ 6.)  After his conviction became final, therefore, Petitioner was not in segregation for nearly seven months before he filed his petition for post-conviction relief in state court on May 22, 2015.  Furthermore, while he was in segregation, he had access to legal materials, including a state post-conviction review packet, upon request of the correctional librarian. (Affidavit of Jacqueline Weddle, ECF No. 12-2.)  Petitioner's contention that he was unable to file his state post-conviction petition before May 22, therefore, fails.

In sum, Petitioner filed his request for relief pursuant to § 2254 after the expiration of the one-year limitation period, and Petitioner has failed to demonstrate that he "exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances." *Dominguez*, 527 F. App'x at 40.  Accordingly, Petitioner cannot obtain relief under 28 U.S.C. § 2254.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases.  I recommend the Court dismiss Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of January, 2021.